IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RELX INC., <br><br>                                       Plaintiff, <br><br>     v. <br><br> INFORMATICA CORP., <br><br>                                       Defendant. <br><br> INFORMATICA LLC, <br><br>                           Counterclaim Plaintiff, <br><br>     v. <br><br> RELX INC. and RELX GROUP PLC, <br><br>                           Counterclaim Defendants. | 1:16-cv-9718-AKH |

**INFORMATICA'S RESPONSE SUPPORTING RELX'S
MOTION REQUESTING PERMISSION TO FILE UNDER SEAL**

Defendant and Counterclaim Plaintiff Informatica LLC ("Informatica"), supports the Motion Requesting Permission to File Under Seal (ECF No. 105) filed by Plaintiff and Counterclaim Defendant RELX, Inc., and Counterclaim Defendant RELX Group PLC (collectively, "RELX"). The exhibits sought to be sealed contain confidential pricing information whose disclosure could and likely would harm Informatica. The Court should grant RELX's motion for permission to file the

exhibits under seal, or, alternatively, grant RELX leave to redact pricing information from the exhibits and to file un-redacted exhibits under seal.

RELX requests leave to file under seal Exhibits 9, 10, and 11 (the "Exhibits") to the July 30, 2018 Declaration of Julie Machal-Fulks (the "Machal-Fulks Declaration" [ECF No. 104-14]) in Support of RELX's Motion for Partial Summary Judgment.[1]

As set forth in the August 5, 2018 Declaration of Randy Mickey (the "Mickey Declaration" or "Mickey Decl."), the Exhibits contain confidential pricing information whose disclosure could harm Informatica and its customers and benefit their competitors, if made accessible to the public. Mickey Decl. ¶ 3.

Exhibit 9 is an excerpt of a document produced as Confidential Discovery Material under the parties' confidentiality agreement. Excerpt 9 discloses amounts of license invoices for certain products, on particular dates, for Informatica customers in particular areas. Excerpts 10 and 11 include subsets of the same data (along with RELX's interpretation). *Id*. ¶ 4.

Information regarding the amounts of individually negotiated Informatica invoices is not publicly available and is treated as confidential within Informatica. *Id*. ¶ 5. Moreover, Informatica has written contracts with its customers restricting

---

[1] RELX's Motion (ECF No. 105) requests leave to file under seal "Exhibits 9, 10, and 11 to [RELX's] motion for summary judgment," and placeholders for the Exhibits were filed in CM/ECF as exhibits to RELX's Rule 56.1 Statement of Uncontroverted Material Facts. Neither RELX's motion for summary judgment nor RELX's Rule 56.1 Statement of Uncontroverted Material Facts specifically cites or mentions the Exhibits. However, the former cites (ECF No. 103 at 21) by Bates Number the document identified as Exhibit 9 to the Machal-Fulks Declaration.

the disclosure of confidential information relating to products and finances of the parties. *Id*.

To the extent such information is revealed publicly, it could cause financial harm to customers of Informatica and to Informatica itself. *Id*. ¶ 6. If accessible to the public, third parties could use this information to Informatica's customers' detriment, and to the third parties' advantage, in negotiating with them. *Id*. Moreover, this information could cause harm to Informatica, as it could be used in negotiating prices with Informatica, and could be used by competitors to attempt to lure customers away from Informatica by substantial underselling, for example. *Id*.

Other courts have found that businesses' interests in protecting confidential pricing information outweighed the public's qualified right of access to similar materials and that sealing was essential to preserve the former. *See, e.g., Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706–07 (S.D.N.Y. 2017) (citing cases); *McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2017 WL 4250054, at *2–4 (W.D.N.Y. Sept. 26, 2017). The Court should do the same here.

Accordingly, Informatica respectfully requests that the Court (1) find that sealing Informatica's confidential pricing information in the Exhibits is essential to preserve higher values; (2) grant RELX leave to file under the seal the exhibits, or, alternatively, to file the Exhibits with pricing amounts redacted and to file the un-redacted Exhibits under seal; and (3) direct RELX to comply with the procedures

3

for filing under seal set forth in the Court's Individual Practices § 4(B) and the Southern District of New York's Sealed Filing Instructions and Electronic Filing Rules and Instructions §§ 6.1–6.3.

Dated:  August 6, 2018	Respectfully submitted,

/s/ *Scott W. Doyle*
Scott W. Doyle (*pro hac vice*)
doyles@gtlaw.com
**GREENBERG TRAURIG, P.A.**
2101 L. Street NW
Washington, DC 20037
Telephone: (202) 331-3143
Facsimile: (202) 331-3101

Nicholas A. Brown
brownn@gtlaw.com
**GREENBERG TRAURIG LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1271
Facsimile: (415) 707-2010

*Attorneys for Defendant and Counterclaim Plaintiff, Informatica LLC, sued herein as Informatica Corp.*

## CERTIFICATE OF SERVICE

I certify that on August 6, 2018, I electronically filed the foregoing Response Supporting RELX's Motion Requesting Permission to File Under Seal with the Clerk of the United States District Court for the Southern District of New York using the CM/ECF system, which will send a notice of electronic filing to registered counsel.

/s/ Scott W. Doyle
Attorney